| | |
|---|---|
| 1 | CDF LABOR LAW LLP |
|   |    Alison L. Tsao, State Bar No. 198250 |
| 2 |    atsao@cdflaborlaw.com |
|   |    Carolina A. Schwalbach State Bar No. 280783 |
| 3 |    cschwalbach@cdflaborlaw.com |
|   | 600 Montgomery Street, Suite 440 |
| 4 | San Francisco, CA 94111 |
|   | Telephone: (415) 981-3233 |
| 5 | |
| 6 | NEAL GERBER & EISENBERG LLP |
|   |    Sonya Rosenberg, Illinois State Bar No. 6293663 |
|   |    srosenberg@nge.com |
| 7 |    Alissa J. Griffin, Illinois State Bar No. 63359601 |
|   |    agriffin@nge.com |
| 8 | 2 North LaSalle Street, Suite 1700 |
|   | Chicago, IL 60602 |
| 9 | Telephone: (312) 269-8000 |
| 10 | *Pro Hac Vice Applications Forthcoming* |
| 11 | |
| 12 | Attorneys for Defendant |
|   | PAGAYA INVESTMENTS US LLC |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| MICHAEL CANNATELLA, | ) Case No. |
|---|---|
| Plaintiff, | ) |
| vs. | ) Los Angeles County Superior Court |
|  | ) Case No.: 22SMCV01533 |
| PAGAYA INVESTMENTS US LLC, a Delaware limited liability company, | ) |
|  | ) **DEFENDANT'S NOTICE OF REMOVAL** |
| Defendant. | ) |
|  | ) Filed concurrently with: |
|  | ) - Civil Cover Sheet; |
|  | ) - Decl. of Andrew Bauer; and |
|  | ) - Certificate of Interested Parties |
|  | ) |
|  | ) Action Filed:   September 8, 2022 |

DEFENDANT'S NOTICE OF REMOVAL

CAROTHERS DiSANTE & FREUDENBERGER LLP

34487017.2

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA**:

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, Defendant PAGAYA INVESTMENTS US LLC ("Pagaya") hereby provides notice of removal of this action from the Superior Court of California, County of Los Angeles. In support of removal, Pagaya states the following:

## I. BACKGROUND

1. On September 8, 2022, Plaintiff commenced an action in the Superior Court of California, County of Los Angeles, styled *Michael Cannatella v. Pagaya Investments US LLC*, Case No. 22SMCV01533. True and correct copies of all pleadings, process, and orders, and any other documents on file with the State Court in this Action are attached to this Notice as Exhibit A.

2. Plaintiff's Complaint For Damages asserts claims against Pagaya for its purported actions in: (Count 1) failing to reimburse business expenses, (Count 2) engaging in unfair competition due to failing to reimburse business expenses; (Count 3) requiring Plaintiff to sign an agreement containing an unenforceable choice of law provision; (Count 4); requiring Plaintiff to sign an agreement containing an unenforceable restrictive covenant provision; and (Count 5) failing to provide appropriate wage statements. *See* Exhibit A, Complaint For Damages ("Complaint"), generally.

3. On September 27, 2022, Pagaya received service of the summons and complaint.

## II. JURISDICTION

4. This Court has original jurisdiction over this Action under 28 U.S.C. §§ 1332(a), 1441 and 1446, as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

5. Assignment to the Western Division of the United States District Court for the Central District of California is proper because the state court action was originally filed in Los Angeles County and Plaintiff alleges that he worked for Pagaya in the City of Los Angeles, where the allegedly wrongful conduct allegedly occurred. Complaint, ¶ 8.

DEFENDANT'S NOTICE OF REMOVAL

34487017.2

### III. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

6.  In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Los Angeles is located within the Central District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(b) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7.  No more than 30 days have passed since Pagaya accepted service of the complaint in this action. *See* Exhibit B, Declaration of Andrew Bauer ("Bauer Decl.") at ¶ 5. Therefore, Pagaya's Notice of Removal is timely in accordance with 28 U.S.C. section 1446(b). *See Novak v. Bank of New York Mellon Tr. Co., NA.*, 783 F.3d 910 (1st Cir. 2015); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (service of process is the official trigger for responsive action by the defendant).

8.  In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Los Angeles and with the Clerk of the Central District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

### IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1332 AND 1441.

9.  Plaintiff's claims as alleged in the Complaint are removable under 28 U.S.C. section 1332(a) (diversity of citizenship). Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. *Id.*

**A.   The Parties Are Completely Diverse**

10. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

11. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The Complaint alleges that Plaintiff is

(and during all relevant times has been) a resident of the County of Los Angeles, State of California. Complaint, ¶¶ 5,8. In addition, Plaintiff's personnel-related documents indicate a California home address. Bauer Decl., ¶ 4. Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

12. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 78. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

13. Defendant Pagaya Investments US LLC is a wholly owned subsidiary of Pagaya Technologies Ltd., a company organized under the laws of the state of Israel. Pagaya Investments US LLC is a Delaware limited liability company. Bauer Decl., ¶ 2. Pagaya's principal place of business (where its officers direct, control, and coordinate its corporate activities) was at the time of the filing of this action, and still is, in New York. Bauer Decl., ¶ 2. Pagaya is not now (nor has it been at any relevant time to this action) a citizen of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California. Bauer Decl., ¶ 2. Accordingly, Pagaya is a citizen of the states of Delaware and New York for purposes of this removal.

14. Because Pagaya is a citizen of the states of Delaware and New York, and Plaintiff is a citizen of the state of California, complete diversity exists pursuant to 28 U.S.C. § 1332(a).

**B.     The Amount-In-Controversy Requirement Is Satisfied.**

15. "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence" *i.e.,* that it is more likely than not, that the amount in controversy exceeds the jurisdictional threshold of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); 28

U.S.C. § 1332(a). A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if, after the notice of removal containing that plausible allegation is filed, plaintiff contests, or the court questions, defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

16. The amount in controversy may be determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not oust court of jurisdiction). Potential defenses to all or part of a claim does not affect the amount in controversy. *See id.* at 295-296; *Riggins v. Riggins,* 415 F.2d 1259, 1261-1262 (9th Cir. 1969) (that statute of limitations defense might bar portion of relief sought did not affect amount in controversy).

17. In determining whether the jurisdictional minimum is met, the Court should consider all amounts alleged, including future attorneys' fees where recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (A court must include future attorneys' fees recoverable by statute when assessing whether the amount-in-controversy requirement).

18. Here, Plaintiff alleges that Pagaya failed to reimburse him for $67,479 in business-related expenses he purportedly incurred on behalf of Pagaya, "including meals, hotels, Ubers and/or Lyft rides, and airfare, which were necessary to perform his job duties and try to source new business for Pagaya." Complaint, ¶ 10. Plaintiff also alleges that Pagaya failed to reimburse him for cell phone charges of $60/month during his 29-month employment with Pagaya. Complaint, ¶ 11.

19. If Plaintiff prevails on his claims for unreimbursed business expenses under California Labor Code § 2802 (Count 1), he may be entitled to an award of reasonable attorneys' fees and costs. *See e.g., Gurzenski v. Delta Air Lines, Inc.,* No. 2:21-cv-05959-AB (JEMx), 2021 U.S. Dist. LEXIS 220257, at *1 (C.D. Cal. Nov. 12, 2021) ("Because reasonable attorneys' fees are recoverable pursuant to Cal. Lab. Code § 2802 and Cal. Civ. Code § 1021.5, they must be

included in the amount in controversy.").

20. Based on a fair reading of the Complaint, and without conceding that any of Plaintiff's claims have any merit whatsoever, Plaintiff seeks in excess of $75,000, exclusive of interest and costs; namely, Plaintiff seeks compensation for $69,219 in purportedly unreimbursed business-related expenses alone, plus pre-judgment on all damages awarded, and attorneys' fees and costs. Complaint, at pg. 8 (Prayer for Relief).

21. Thus, even ignoring Counts 3, 4, and 5 of Plaintiff's Complaint, if Plaintiff is successful on the reimbursement-related claims asserted in either Count 1 or Count 2 of his Complaint, his potential recovery will exceed the jurisdictional minimum of $75,000.

## V. CONCLUSION

22. Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Plaintiff and Pagaya are not citizens of the same state. In addition, the claims of Plaintiff place more than $75,000 in controversy. Thus, removal to federal court is proper.

23. In the event this Court has a question regarding the propriety of this Notice of Removal, Pagaya requests that the Court issue an Order to Show Cause so that Pagaya may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

24. By filing this Notice of Removal, Pagaya does not waive, either expressly or impliedly, its respective rights to assert any defense it could have asserted in the Superior Court of California, County of Los Angeles, in the United States District Court for the Central District of California. Pagaya reserves the right to amend or supplement this Notice of Removal.

Dated: October 26, 2022         CDF LABOR LAW LLP

By: _____
Alison L. Tsao
Attorneys for Defendant
PAGAYA INVESTMENTS US LLC

5         DEFENDANT'S NOTICE OF REMOVAL

34487017.2