EXHIBIT A

| Delaware.gov | Governor \| General Assembly \| Courts \| Elected Officials \| State Agencies |
|---|---|

**Department of State: Division of Corporations**

Allowable Characters

HOME

## Entity Details

THIS IS NOT A STATEMENT OF GOOD STANDING

| File Number: | 6299008 | Incorporation Date / Formation Date: | 10/12/2021 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | PAGAYA INVESTMENTS US LLC | | |
| Entity Kind: | Limited Liability Company | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

### REGISTERED AGENT INFORMATION

| Name: | COGENCY GLOBAL INC. | | |
|---|---|---|---|
| Address: | 850 NEW BURTON ROAD SUITE 201 | | |
| City: | DOVER | County: | Kent |
| State: | DE | Postal Code: | 19904 |
| Phone: | 800-483-1140 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]     [ New Entity Search ]

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2022 06:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman, Deputy Clerk

22SMCV01533

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Pagaya Investments US LLC, a Delaware limited liability company

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Michael Cannatella, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Monica Courthouse

1725 Main Street, Santa Monica California, 90401

CASE NUMBER:
*(Número del Caso):*
**22SMCV01533**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert Ottinger, The Ottinger Law Firm P.C. - 535 Mission Street 14 Floor, San Francisco CA 94105 (415) 262-0096

DATE:
*(Fecha)* 09/08/2022

Clerk, by Sherri R. Carter Executive Officer / Clerk of Court , Deputy
*(Secretario)* C. Coleman *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Pagaya Investments US LLC

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☒ by personal delivery on *(date):* 9/27/2022

Date Served: 9/27/2022

Time Served: 58  3:16  717865

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2022 06:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman,Deputy Clerk

CM-010

22SMCV01533

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robert Ottinger (SBN 156825) - The Ottinger Firm, P.C.<br>535 Mission Street, 14th Floor, San Francisco, CA  94105<br>TELEPHONE NO.: (415) 262-0096    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS: robert@ottingerlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Michael Cannatella | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica, 90401
BRANCH NAME: Santa Monica Courthouse

CASE NAME: Michael Cannatella, an individual v. Pagaya Investments US LLC, a Delaware limited liability company

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 8, 2022

Robert Ottinger
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

| SHORT TITLE: Michael Cannatella v. Pagaya Investments US LLC | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Michael Cannatella v. Pagaya Investments US LLC | CASE NUMBER |
|---|---|

| **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2 3 |
|  | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
|  | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
|  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
|  | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation           Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
|  | ☐ A6032  Quiet Title | 2, 6 |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Michael Cannatella v. Pagaya Investments US LLC | CASE NUMBER |
| --- | --- |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
| --- | --- | --- | --- |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Michael Cannatella v. Pagaya Investments US LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br><br>817 4th Street<br>Santa Monica, CA  90403 |
|---|---|
| **CITY:**<br>Santa Monica | **STATE:**<br>CA | **ZIP CODE:**<br>90403 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Santa Monica Courthouse</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>September 8, 2022</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Santa Monica Courthouse<br>1725 Main Street, Santa Monica, CA 90401 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/08/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Coleman _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22SMCV01533 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Mark H. Epstein | R | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/09/2022
   (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Coleman _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**Unlimited Civil - General Independent Calendar (IC)**

1.   Alternative Dispute Resolution (ADR) Information Packet (3/1/19)          2 pages
2.   Voluntary Efficient Litigation Stipulations (4/1/11)                                9 pages



# Superior Court of California, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit:
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: www.lacourt.org/division/civil/settlement

Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____         > _____
         (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO..<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

```
PCL XL Error
      Subsystem:              I/O
      Error:                  InputReadError
      Operator:               ReadImage
      Position:               2081
```

**Unlimited Civil - General Independent Calendar (IC)**

1. Alternative Dispute Resolution (ADR) Information Packet (3/1/19)    2 pages
2. Voluntary Efficient Litigation Stipulations (4/1/11)    9 pages



## Superior Court of California, County of Los Angeles

> # ALTERNATIVE DISPUTE RESOLUTION (ADR)
> # INFORMATION PACKAGE
>
> ## THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.
>
> **CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

    Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: Case Manager (213) 253-9776 mdawson@jamsadr.com
- Mediation Center of Los Angeles: Case Manager: (833) 476-9145 info@mediationLA.org

These organizations cannot accept every case and they may decline cases at their discretion.
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This service is not available for family law, probate or small claims.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Free, day-of-trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations before the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases before the day of trial, visit:
http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations that provide mediation may be found on the internet.**

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website:** **www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◈**Los Angeles County Bar Association Litigation Section**◈

◈ **Los Angeles County Bar Association
Labor and Employment Law Section**◈

◈**Consumer Attorneys Association of Los Angeles**◈

◈**Southern California Defense Counsel**◈

◈**Association of Business Trial Lawyers**◈

◈**California Employment Lawyers Association**◈

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use        **STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                (INSERT DATE)
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )
Date:

_____                    >  _____
            (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____ )

LACIV 229 (Rev 02/15)              **STIPULATION – EARLY ORGANIZATIONAL MEETING**              Page 2 of 2
LASC Approved 04/11

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):          FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | | CASE NUMBER: |
|---|---|---|
| | | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR DEFENDANT)

> _____
> (ATTORNEY FOR _____ )

> _____
> (ATTORNEY FOR _____ )

> _____
> (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name):        FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1.  At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2.  The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a.  Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b.  Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3.  All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1. This document relates to:

    ☐ Request for Informal Discovery Conference
    ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

Electronically FILED by Superior Court of California, County of Los Angeles on 09/08/2022 06:26 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Coleman,Deputy Clerk
22SMCV01533

Assigned for all purposes to: Santa Monica Courthouse, Judicial Officer: Mark Epstein

1    Robert W. Ottinger (SBN 156825)
     Paraskevi Batsikas (SBN 341675)
2    THE OTTINGER FIRM, P.C. 535
     Mission Street
3    San Francisco, CA 94105
     robert@ottingerlaw.com
4    paraskevi@ottingerlaw.com
     Tel: 415-262-0096
5    Fax: 212-571-0505

6    *Attorneys for Plaintiffs*

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| MICHAEL CANNATELLA, an individual | Case Number: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| PAGAYA INVESTMENTS US LLC, a Delaware limited liability company | 1. Failure To Reimburse Business Expenses (Cal. Lab. Code § 2802); |
| Defendant. | 2. Unfair Competition (Bus. & Prof. Code § 17200 Et Seq.); |
| | 3. Declaratory Relief (Cal. Lab. Code § 925) |
| | 4. Declaratory Relief (Cal. Lab. Code § 16600) |
| | 5. Wage Statement Penalties (Cal. Lab. Code § 226) |
| | **JURY TRIAL DEMANDED** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff, Michael Cannatella ("Plaintiff"), complains and alleges upon personal knowledge and information and belief as follows:

## NATURE OF THE CLAIMS

1. Plaintiff brings this action against Defendant Pagaya Investments US LLC ("Defendant" or "Pagaya") from the date four years prior to the filing of this Complaint through the date of trial in this action.

2. Defendant violated California law by failing to adequately reimburse Plaintiff for business expenditures incurred and required by his job. Plaintiff also alleges that these acts, which violate the California Labor Code, constitute predicate unlawful and unfair business practices in violation of the California Unfair Competition Laws. Plaintiff further alleges that certain provisions of an agreement between the parties are unenforceable and void pursuant to Cal. Lab. Code §§ 925 and 16600.

## JURISDICTION AND VENUE

3. Venue is proper under California Code of Civil Procedure § 395.5 because Defendant employed Plaintiff in this County and Defendant's liability arose, in part, in this County, and Defendant conducts business in this County.

4. Jurisdiction is proper under California Code of Civil Procedure § 410.10. Plaintiff is informed and believes that Defendant was operating at all relevant times within the state of California and thus subject to jurisdiction of California courts by reason of "minimum contacts;" did transact and conduct business in the State of California; and is thus subject to the jurisdiction of all laws, regulations, and court decisions rendered by the state of California. Jurisdiction is conferred on this Court as to all causes of action because they arise under state statutory or common law. Jurisdiction is further proper in this Court because alleged damages exceed $25,000.00, exclusive of costs and attorneys' fees.

## PARTIES

5. Plaintiff Michael Cannatella resides in Los Angeles County, California. Plaintiff began his employment with Defendant around March 2, 2020. Plaintiff's employment ended in approximately August 4, 2022. Plaintiff worked as a Vice President, Origination.

6. Defendant Pagaya Investments US LLC is a financial technology company that uses machine learning or artificial intelligence to manage institutional investors' money.

## GENERAL ALLEGATIONS

**Unpaid Business Expenses**

7.      Defendant manages institutional investors' money.

8.      Plaintiff worked for Defendant in the State of California, including the County of Los Angeles as a Vice President, Origination.

9.      In his role at Pagaya, Plaintiff was tasked with originating business and finding investors whose money Defendant could manage.  To do this, Plaintiff incurred significant expenses, including meals, hotels, Ubers and/or Lyft rides, and airfare.

10.      Plaintiff incurred expenses of over approximately $67,479 for such expenses, including meals, hotels, Ubers and/or Lyft rides, and airfare, which were necessary to perform his job duties and try to source new business for Pagaya.

11.      Further, Plaintiff was required to use a personal cell phone for his work.  Plaintiff used his cell phone approximately 75% of the time for work purposes and spent approximately $60 per month on his cell phone bill.

12.      Defendant failed to reimburse Plaintiff for the aforementioned expenses, which were necessary to perform his job duties, in violation of Cal. Labor Code § 2802.

**Retaliation**

13.      On or around July 29, 2022, Plaintiff informed Defendant, through its counsel, that he sought reimbursement for outstanding business expenses and needed such reimbursement before he could enter into a separation agreement containing a general release.

14.      Less than a week later, on or around August 4, 2022, Defendant terminated Plaintiff because he sought to exercise his right to reimbursement for business expenses, in violation of Cal. Labor Code § 98.6.

**Provisions in Pagaya's "Confidentiality and Non-Solicitation Agreement" Are Unenforceable And/or Void**

15.      Around February 18, 2020, the parties entered into a "Confidentiality and Non-Solicitation Agreement" (the "Agreement").

16.      This Agreement is unenforceable to the extent that it states, in sum and substance, that the

governing law of the contract shall be New York law and any and all actions arising out of the Agreement or Plaintiff's employment shall be brought in state or federal courts in New York County; and that it contains restrictive covenants, or non-compete and non-solicitation provisions, attached hereto as **Exhibit 1**. *See* Exhibit 1, § 1.3(A) and (B).

17.   Defendant violated Cal. Lab. Code § 925 by requiring Plaintiff, a California resident, to adjudicate a claim arising out of an Agreement entered into in California under New York law, and by depriving Plaintiff of the substantive protections of California law with respect to a controversy arising in California.

18.   Moreover, Defendant's inclusion of restrictive covenants, including § 1.3(A) and (B) of the Agreement, unlawfully restrain Plaintiff from engaging in business.   As a result, these provisions violate Cal. Bus. And Prof. Code § 16600, which provides that, "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade or business of any kind is to that extent void."

19.   Accordingly, § 1.3(A) and (B) of the Agreement are void under California law.

### FIRST CAUSE OF ACTION
*Reimbursement for Business Expenses*
**(Cal. Labor Code § 2802)**

67.   Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

68.   Pursuant to Cal. Lab. Code § 2802, Defendant is required to indemnify Plaintiff for the expenses and losses incurred during the performance of his job duties.   The purpose of this statute is to prevent employers from passing their operating expenses onto their employees.   *See Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal. 4th 554, 562.

69.   In violation of Cal. Lab. Code § 2802, Defendant required Plaintiff to pay the cost of various business-related expenses and did not reimburse Plaintiff for those business expenses.

70.   Plaintiff seeks to recover monies for these necessary business expenses for which they were not reimbursed, plus interest thereon, reasonable attorneys' fees, and costs, in an amount to be proven at trial.

///

## SECOND CAUSE OF ACTION
### *Unfair Competition*
### (Bus. & Prof. Code § 17200 *et seq.*)

71.    Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

72.    Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

73.    Business and Professions Code § 17203 allows a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

74.    As set forth above, Plaintiff has lost money or property as a result of Defendant's unlawful failure to reimburse business expenses, in violation of the requirements of the Labor Code.

76.    Pursuant to Business and Professions Code § 17203, Plaintiff seeks restitution of all money and property, including, but not limited to, reimbursement of business expenses that Defendant either acquired and/or may have acquired, from him by means of unfair competition in amounts subject to proof at trial.

77.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff seeks awards of reasonable attorneys' fees and costs in amounts subject to proof.

## THIRD CAUSE OF ACTION
### *Declaratory Relief Pursuant to Cal. Labor Code § 925*

78.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

79.    Around February 18, 2020, the parties entered into a "Confidentiality and Non-Solicitation Agreement" (the "Agreement").

79.    This Agreement is unenforceable to the extent that it states, in sum and substance, that the governing law of the contract shall be New York law and that any and all actions arising out of the Agreement or Plaintiff's employment shall be brought in state or federal courts in New York County. *See*

Exhibit 1, § 3.6.

80.    At all relevant times, Plaintiff was a resident of California.

81.    Cal. Labor Code § 925 prohibits an employer from requiring an employee, who primarily resides and works in California, as a condition of employment, to agree to a provision that would either (1) require the employee to adjudicate claims arising in California outside of California; or (2) deprive the employee of the substantive protections of California law with respect to a controversy arising in California.

82.    Defendant required Plaintiff, a California resident, to adjudicate a claim arising out of the Agreement entered into in California under New York law in state or federal courts in New York County and deprived Plaintiff of the substantive protections of California law with respect to a controversy arising in California.

83.    As such, these provisions are voidable under Cal. Lab. Code § 925.

84.    Plaintiff, therefore, seeks a declaratory judgment finding that the governing law provision is void and California law is applicable.

85.    Plaintiff further seeks an award of reasonable attorneys' fees and costs in accordance with Cal. Labor Code § 925(c).

### FOURTH CAUSE OF ACTION
*Declaratory Relief Pursuant to Cal. Bus. and Prof. Code § 16600*

86.    Plaintiff incorporates each of the preceding paragraphs of this Complaint by reference as if fully set forth herein.

87.    At all relevant times, Plaintiff was a resident of California.

88.    California has a clear public policy favoring open competition and employee mobility, as evidenced by Cal. Bus. and Prof. Code § 16600.

89.    On July 29, 2020, the Parties entered into the Agreement, which contains restrictive covenants. As such, Defendant is illegally restraining Plaintiff from engaging in his profession and trade, in violation of California law and the fundamental public policy of California.

90.    Since no exception to the rule applies here, the restrictive covenants contained in the Agreement are void under California's law and fundamental public policy.

91.     Plaintiff, therefore, seeks a declaratory judgment finding that restrictive covenants contained in the Agreement are illegal and unenforceable. Plaintiff also seeks an order enjoining Defendant from taking any such action, threatened or actual, to enforce the restrictive covenants contained in the Agreement against him.

## FIFTH CAUSE OF ACTION
### *Wage Statement Penalties*
### (Lab. Code § 226)

92.     Plaintiff incorporates all of the preceding paragraphs of this Complaint as if fully set forth herein.

93.     Pursuant to Labor Code § 226(a), Defendant has been obliged to provide Plaintiff either semimonthly or at the time of each payment of wages, accurate itemized statements showing, among other things, the gross and net wages earned.

94.     By failing to reimburse for necessary business expenses to Plaintiff as set forth above, Defendant has furnished Plaintiff with written wage statements that do not accurately reflect, among other things, Plaintiff's amounts of gross and net wages earned, and number of hours worked at each applicable wage rate.

95.     Plaintiffs is informed and believes and thereon alleges that Defendant's failure to provide him with accurate wage statements has been knowing and intentional, in that Defendant has, at all relevant times, had the ability to provide him with accurate wage statements but, instead, has knowingly and intentionally provided him with inaccurate wage statements as a result of not keeping accurate records.

96.     Plaintiff has suffered injuries due to Defendant's failures to provide him with accurate written wage statements in that, among other things, his legal rights to receive accurate wage statements has been violated, and he has been misled about the amounts of wages he has earned.

97.     Pursuant to Labor Code § 226(e), Plaintiff seeks to recover the greater of actual damages or $50 for the initial pay period in which a § 226(a) violation occurred, the greater of actual damages or $100 for each violation of § 226(a) in a subsequent pay period, up to the greater of actual damages or an aggregate $4,000 penalty, as well as awards of reasonable attorneys' fees and costs, all in amounts subject to proof.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment against Defendant as follows:

A.     A declaratory judgment that the actions, conduct, and practices of Defendant, complained of herein, violated the laws of the United States and the State of California;

B.     An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.     Award appropriate declaratory relief ordering that the provisions of the Agreement, §§ 1.3(A) and (B) and 3.6, are void and unenforceable;

D.     Award appropriate injunctive relief enjoining Defendant from enforcing or threatening to enforce the restrictive covenants against Plaintiff;

E.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic hardship, including, but not limited to, the loss of past and future income, compensation, reimbursement for business expenses, and other benefits of employment;

F.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm;

G.     That the Court decree and adjudge that Defendant violated California Business and Professions Code sections 17200, et seq., by failing to reimburse Plaintiff for all necessary business expenses pursuant to Cal. Lab. Code § 2802.

H.     For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.;

I.     An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

J.     Civil penalties;

K.     Interest;

L.     For reasonable attorney's fees and costs, including expert witness fees, pursuant to California CCP §1021.5;

M.     For costs of suit herein incurred; and

1    N.    For such other and further relief as the Court deems just and proper.

2

3    Dated: September 8, 2022                    Respectfully submitted,
4    San Francisco, California

5                                                THE OTTINGER FIRM, P.C.

6

7    By _____
                                                 Robert W. Ottinger (SBN 156825)
8                                                THE OTTINGER FIRM, P.C.
                                                 535 Mission Street, 14th Floor
9                                                San Francisco, CA 94105
                                                 robert@ottingerlaw.com
10                                               Tel: 415-262-0096
                                                 Fax: 212-571-0505
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



## Confidentiality and Non-Solicit Agreement

This Confidentiality and Non-Solicit Agreement ("Agreement"), dated as of February 18, 2020 (the "Effective Date"), is entered into between Pagaya Investments US LLC having a place of business at 135 E. 57th Street New York, NY ("Employer" or the "Company"), and Michael Cannatella, an individual residing at 9061 Keith Ave West Hollywood, CA 90069 ("Employee" or "You"). Employer and Employee shall collectively be referred to as the "Parties."

**WHEREAS,** the Parties desire to memorialize the terms and conditions of the Employee's confidentiality and non-solicit requirements with Employer under this Agreement as of the Effective Date; and

**WHEREAS,** Employee is willing to accept the terms and conditions of the Employer's confidentiality and non-solicit requirements as set forth in this Agreement.

**NOW, THEREFORE**, in consideration of the mutual agreements set forth herein, Employer and Employee hereby agree as follows:

### ARTICLE I
### CONFIDENTIALITY, NON-COMPETITION, NON-SOLICITATION AND OTHER COVENANTS

1.1.    Confidentiality. During the course of employment, Employee will be provided with access to Confidential Information relating to Employer and/or its affiliates, its business, potential business, and the business and information of its clients and customers. "Confidential Information" includes all non-public information that relates to the actual or anticipated business or research and development of the Company, technical data, trade secrets, know-how, show-how, theories, technical, operating, financial, and other business information, whether or not reduced to writing or other medium and whether or not marked or labeled confidential, proprietary or the like, specifically including, but not limited to, product plans or other information regarding Company's products or services and markets, clients and customers (including clients and customers of the Company on whom you called or with whom you became acquainted during the term of your employment), information regarding source codes, software programs, computer systems, concepts, creations, costs, plans, materials, enhancements, research, specifications, works of authorship, techniques, documentation, models and systems, sales and pricing techniques, inventions, processes, formulas, technology, designs, inventions, discoveries, products, improvements, modifications, methodology, processes, concepts, records, files, memoranda, reports, plans, proposals, price lists, product development, project procedures, marketing, finances or other business information. Confidential Information does not include information that is generally available to the public, other than

## www.pagaya.com

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY



information which has become generally available as a result of Employee's direct or indirect act or omission.

With respect to Confidential Information of Employer and its clients and customers:

(A) Employee will use Confidential Information only in the performance of Employee's duties for Employer. Employee will not use Confidential Information at any time (during or after Employee's employment with Employer) for Employee's personal benefit, for the benefit of any other individual or entity, or in any manner adverse to the interests of Employer and its clients and customers except to the extent permitted by applicable law, including to enable Employee to exercise any protected legal right he may have;

(B) Employee will not disclose Confidential Information at any time (during or after Employee's employment with Employer) except to authorized Employer personnel, unless Employer consents in advance in writing or unless the Confidential Information indisputably becomes of public knowledge or enters the public domain (other than through Employee's direct or indirect act or omission) or as authorized by a court or regulatory agency;

(C) Employee will safeguard the Confidential Information by all reasonable steps and abide by all policies and procedures of Employer in effect from time to time regarding storage, copying, destroying, and handling of documents; and

(D) Employee will return or destroy all materials, models, software, prototypes and the like containing and/or relating to Confidential Information, together with all other property of Employer and its clients and customers, to Employer when Employee's employment relationship with Employer terminates or otherwise on demand and, at that time Employee will certify to Employer, in writing and under oath, that Employee has complied with this Agreement. Employee shall not retain any copies or reproductions of correspondence, memoranda, reports, notebooks, drawings, photographs, databases, diskettes, or other documents or electronically stored information of any kind relating in any way to the business, potential business or affairs of Employer and its clients and customers.

(E) Employee acknowledges receipt of the following notice under the Defend Trade Secrets Act: An individual will not be held criminally or civilly liable under any federal or state trade secret law for the disclosure of a trade secret if he/she (i) makes such disclosure in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney and such disclosure is made solely for the purpose of reporting or investigating a suspected violation of law; or (ii) such disclosure was made in a complaint or other document filed in a lawsuit or other proceeding if such filing is made under seal.

1.2.     Representations and Warranties; Obligations to Other Persons. Employee represents and warrants the following to the Company, each of which is a material

**www.pagaya.com**

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY



inducement to the Company's willingness to enter into this Agreement: (i) you are not a party to or bound by any employment agreements, restrictive covenants, non-compete restrictions, non-solicitation restrictions, and/or confidentiality or non-disclosure agreements with any other person, business or entity, or any agreement or contract requiring you to assign inventions to another party (each, a "Restrictive Agreement"), and you have conducted a thorough review of any and all agreements you may have entered into with any current or former employer or any other relevant party to ensure that this representation and warranty is correct; (ii) you further represent and warrant that no Restrictive Agreement prohibits, restricts, limits or otherwise affects your employment with the Company or ability to perform any of your duties or responsibilities for the Company as contemplated herein; (iii) you have not made any material misrepresentation or omission in the course of your communications with the Company regarding the Restrictive Agreements or other obligations to any current or former employer; and (iv) you have not, directly or indirectly, removed, downloaded, or copied any confidential or proprietary information or records of any current or former employer without the express written consent of an authorized representative of such entity, and will not use or possess, as of the date you begin employment and during your employment with the Company, any confidential or proprietary information or records of any current or former employer, whether in hard copy or electronic form, including, but not limited to, documents, files, disks, or other materials, all of which you are prohibited from using in connection with your employment with the Company.

1.3.     Covenants Against Competition and Solicitation.

(A) Employee acknowledges and understands that, Employee's position with Employer affords Employee extensive access to Confidential Information of the Company. Employee therefore agrees that during the course of Employee's employment with Employer and for twelve (12) months after termination of Employee's employment with Employer (for any reason or no reason) (collectively, "Restricted Period"), Employee shall not anywhere within the United States of America or any other country in which the Company then conducts or proposes to conduct business, either directly or indirectly, as an owner, stockholder, member, partner, joint venturer, officer, director, consultant, independent contractor, agent or executive, engage in any business or other commercial activity which is engaged in or is seeking to engage in a "Competitive Business." As used in this Agreement, "Competitive Business" shall mean any individual or enterprise engaged in consumer credit focused asset management.

(B) Employee further agrees that, during the Restricted Period, Employee shall not, directly or indirectly, either on Employee's own behalf or on behalf of any other individual or commercial enterprise: (i) contact, communicate, solicit or transact any business with or assist any third party in contacting, communicating, soliciting or transacting any business with (A) any of the customers or clients of the Company, (B) any prospective customers or clients of the Company, or (C) any individual or entity who or which was within the most

www.pagaya.com

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY



recent twelve (12) month period a customer or client of Company, for the purpose of inducing such customer or client or potential customer or client to be connected to or benefit from any competitive business or to terminate its or their business relationship with the Company; (ii) solicit, induce or assist any third party in soliciting or inducing any individual or entity who is then (or was at any time within the preceding twelve (12) an employee, consultant, independent contractor or agent of Company) to leave the employment of the Company or cease performing services for the Company; (iii) hire or engage or assist any third party in hiring or engaging, any individual or entity that is or was (at any time within the preceding twelve (12) months) an employee, consultant, independent contractor or agent of the Company, or (iv) solicit, induce or assist any third party in soliciting or inducing any other person or entity (including, without limitation, any third-party service provider or distributor) to terminate its relationship with the Company or otherwise interfere with such relationship. A "prospective customer or client" is any individual or entity with respect to whom or which Employer was engaged in a solicitation at any time during the twelve (12) months preceding the termination of Employee's employment with Employer and in which solicitation Employee was in any way involved, or about whom or which Employee had access to Confidential Information.

1.4.   Non-Disparagement. Employee agrees not to, at any time (both during any after Employee's employment with Employer), disparage the business or reputation of Employer, its clients and customers and its or their respective officers, directors, agents or employees. Nothing in this Agreement is intended to prevent Employee from providing truthful information to the extent required by law or as requested by any regulatory or self-regulatory organization; or to unlawfully impair or interfere with Employee's rights under Section 7 of the National Labor Relations Act.

1.5.   Cooperation With Investigations/Litigation. Employee agrees, upon Employer's request, to reasonably cooperate both during and after Employee's employment with Employer in any Employer investigation, litigation, arbitration, or regulatory proceeding regarding events that occurred during Employee's tenure with Employer. Employee will make himself reasonably available to consult with Employer's counsel, to provide information, and (to the extent requested) to appear to give truthful testimony. Employer will reimburse Employee for reasonable out-of-pocket meal and travel expenses Employee incurs in extending such cooperation, so long as Employee provides advance written notice of Employee's request for reimbursement and provides satisfactory documentation of the expenses.

1.6.   Reasonable Restrictions/Damages Inadequate Remedy. The Parties to this agreement acknowledge that the restrictions contained in this Article are reasonable and necessary to protect the legitimate business interests of Employer and that any breach by Employee of any provision contained in this Article may result in immediate irreparable injury to Employer for which a remedy at law would be inadequate. Accordingly, the Parties shall be entitled to temporary or permanent injunctive or other equitable relief (without

**www.pagaya.com**

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY



being obligated to post a bond or other collateral) in the event of any breach or threatened breach of the provisions of this Article, in addition to any other remedy that may be available whether at law or in equity.

1.7.    Separate Covenants. In the event that any court of competent jurisdiction shall determine that any one or more of the provisions contained in this Article shall be unenforceable in any respect, then such provision shall be deemed limited and restricted to the extent that the court shall deem the provision to be enforceable. It is the intention of the parties to this Agreement that the covenants and restrictions in this Article be given the broadest interpretation permitted by law. The invalidity or unenforceability of any provision of this Article shall not affect the validity or enforceability of any other provision hereof. If, in any judicial or arbitration proceedings, a court of competent jurisdiction or arbitration panel should refuse to enforce all of the separate covenants and restrictions in this Article, then such unenforceable covenants and restrictions shall be eliminated from the provisions of this Agreement for the purpose of such proceeding to the extent necessary to permit the remaining separate covenants and restrictions to be enforced in such proceeding.

**ARTICLE II**
**OWNERSHIP OF PROPRIETARY RIGHTS**

2.1.    Proprietary Rights. For the purposes of this Agreement, "Proprietary Rights" shall mean all right, title and interest (including any copyrights, patent rights, trademarks, servicemarks and trade names) in and to, or associated with, or arising from, any and all notes, data, reference materials, sketches, drawings, memoranda, documentation, and any and all work product conceived, created, reduced to any medium of expression and/or produced as part of the activities of Employee for the Company, including all written, graphical, pictorial, visual, audio, and audiovisual elements relating thereto, software code or records in any way incorporating or reflecting any Confidential Information and any original works of authorship, derivative works, inventions, developments, concepts, know-how, improvements, trade secrets or ideas, whether or not fixed in a tangible medium of expression, that are conceived or developed in whole or in part by the Employee alone or in conjunction with others, whether or not conceived or developed during regular working hours by, or in association with, the Company that are made through the use of any Confidential Information or any of the Company's equipment, facilities, supplies, or trade secrets, or that relate to the Company's business or the Company's actual or demonstrably anticipated research and development, or that result from any work performed by the Employee for the Company.

2.2.    Ownership of Proprietary Rights. The Employee covenants and agrees with the Company that all Proprietary Rights shall belong exclusively to the Company, and the Employee agrees to assign and hereby assigns to the Company, all rights, title and interest throughout the world in and to all Proprietary Rights. The Employee agrees to promptly

**www.pagaya.com**

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY

# ⌂ PAGAYA

make full written disclosure to the Company, and will hold in trust for the sole right and benefit of the Company, all Proprietary Rights. The Employee agrees that, upon request of the Company and without any separate remuneration or compensation, the Employee shall take such action and execute and deliver such documents and instruments as may be necessary or proper to vest in the Company all right, title and interest in and to all such Proprietary Rights. Without limiting the foregoing, the Employee further agrees that for any original works of authorship created by the Employee, the Company shall be deemed the author thereof under the United States Copyright Act; *provided, however,* that in the event and to the extent such works do not to constitute "works made for hire" as a matter of law, the Employee agrees to irrevocably assign and transfer, and hereby irrevocably assigns and transfers to the Company, all right, title and interest in and to such works, including but not limited to copyrights.

2.3.      Maintenance of Records. The Employee covenants and agrees to take commercially reasonable measures to keep and maintain adequate and current written records of all inventions and works of authorship made by the Employee (solely or jointly with others) during the term of the Employee's relationship with the Company. The records may be in the form of notes, sketches, drawings, flow charts, electronic data or recordings, laboratory notebooks, and any other format. The records will be available to and remain the sole property of the Company at all times. The Employee agrees not to remove such records from the Company's place of business except as expressly permitted by the Company policy, which may, from time to time, be revised at the sole election of the Company. The Employee agrees to return all such records (including any copies thereof) to the Company at the time of termination of services with the Company.

2.4.      Recordation of Rights. The Employee covenants and agrees to assist the Company, or its designee, at the Company's expense, in every proper way to secure the Company's, or its designee's, rights in the inventions and any copyrights, patents, trademarks, servicemarks, moral rights, or other intellectual property rights relating thereto in any and all countries, including the disclosure to the Company or its designee of all pertinent information and data with respect thereto, the execution of all applications, specifications, oaths, assignments, recordation, and all other instruments that the Company or its designee shall deem necessary in order to apply for, obtain, maintain and transfer such rights, or if not transferable, waive such rights, and in order to assign and convey to the Company or its designee and any successors, assigns and nominees the sole and exclusive rights, title and interest in and to such inventions, and any copyrights, patents or other intellectual property rights relating thereto. The Employee further agrees that the obligation to execute or cause to be executed, when it is in the Employee's power to do so, any such instrument or papers shall continue after the termination of this Agreement until the expiration of the last such intellectual property right to expire in any country of the world. If the Company or its designee is unable because of the Employee's mental or physical incapacity or unavailability or for any other reason to secure the Employee's signature to apply for or to pursue any application for any United States or foreign patents,

## www.pagaya.com

**Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY**



copyrights, or other registrations covering inventions or works of authorship assigned or to be assigned to the Company or its designee as above, then the Employee hereby irrevocably designates and appoints the Company and its duly authorized officers and agents as the Employee's agent and attorney-in-fact, to act for and on the Employee's behalf and stead to execute and file any such applications and to do all other lawfully permitted acts to further the application for, prosecution, issuance, maintenance or transfer of letters patent, copyright or other registrations thereon with the same legal force and effect as if originally executed by the Employee. The Employee hereby waives and irrevocably quitclaims to the Company or its designee any and all claims, of any nature whatsoever, that the Employee now or hereafter has for infringement of any and all proprietary rights assigned to the Company or such designee.

**ARTICLE III**
**MISCELLANEOUS**

3.1.    <u>Benefit of Agreement and Assignment.</u> This Agreement shall inure to the benefit of Employer and its successors and assigns (including, without limitation, the purchaser of all or substantially all of its assets) and shall be binding upon Employer and its successors and assigns. This Agreement shall also inure to the benefit of and be binding upon Employee and Employee's heirs, administrators, executors and assigns. Employee may not assign or delegate Employee's duties under this Agreement, without the prior written consent of Employer.

3.2.    <u>Notices.</u> All notices, requests, demands and other communications required or permitted hereunder shall be given in writing and shall be deemed to have been duly given (A) on the date delivered if personally delivered, (B) upon receipt by the receiving party of any notice sent by registered or certified mail (first-class mail, postage pre-paid, return receipt requested) or (C) on the date targeted for delivery if delivered by nationally recognized overnight courier or similar courier service, in each case addressed to the Employer or Employee, as the case may be, at the respective addresses indicated in the caption of this Agreement or such other address as either party may in the future specify in writing to the other.

3.3.    <u>Entire Agreement.</u> This Agreement, along with any offer letter agreement and documents specifically referred to therein, contains the entire agreement of the parties hereto with respect to Employee's employment with the Company, and the conditions of Employee's employment both during his employment and with respect to activities following the termination of such employment and/or this Agreement, and supersedes any and all prior or contemporaneous agreements and understandings, whether written or oral, between the parties with respect to the subject matter of this Agreement. This Agreement may not be changed or modified except by an instrument in writing, signed by Employee and an authorized representative of Employer.

# www.pagaya.com

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY



3.4. **No Waiver.** The waiver by either party of a breach of any provision of this Agreement shall not operate or be construed as a continuing waiver or as a consent to or waiver of any subsequent breach hereof.

3.5. **Headings.** The Article and Section headings in this Agreement are for the convenience of reference only,  do not constitute a part of this Agreement and shall not be deemed to limit or affect any of the provisions hereof.

3.6. **Governing Law; Jurisdiction.** Any and all actions or controversies arising out of or relating to this Agreement or Employee's employment, including, without limitation, contract, tort and statutory claims, shall be construed and enforced in accordance with the internal laws of the State of New York, without regard to the choice of law principles thereof. Any and all actions arising out of this Agreement or Employee's employment by Employer or termination therefrom shall be brought and heard in the state and federal courts of the State of New York located in New York County and the parties hereto hereby irrevocably submit to the exclusive jurisdiction of any such courts. SUBJECT TO APPLICABLE LAW, EMPLOYER AND EMPLOYEE HEREBY AGREE TO WAIVE THEIR RESPECTIVE RIGHTS TO A TRIAL BY JURY.

3.7. **Counterparts.** This Agreement may be executed in one more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument.

3.8. **Agreement to Take Actions.** Each party to this Agreement shall execute and deliver such documents, certificates, agreements and other instruments, and shall take all other actions, as may be reasonably necessary or desirable in order to perform his/her or its obligations under this Agreement.

3.9. **Survival.** The Parties acknowledge and agree that the terms and conditions of Article I, Article II and Article III shall survive the termination of this Agreement and Employee's employment hereunder.

*[signature page is next]*

## www.pagaya.com

**Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY**



IN WITNESS WHEREOF, Employer and Employee have duly executed this Agreement as of the date first written above.

COMPANY: Pagaya Investments US LLC

Name: Gal Krubiner

Title: Chief Executive Officer

EMPLOYEE: Michael Cannatella

# www.pagaya.com

Azrieli Sarona Bldg, 54th floor
Derech Menachem Begin 121, Tel-Aviv, Israel.
135 E. 57th Street New York, NY